THOMAS, Judge,
concurring in the result.
Although I agree that the trial court in the present case erred by faffing to enter a judgment as a matter of law in favor of Robert Riley, I reach that conclusion under a different rationale than does the main opinion. I conclude that the evidence presented at trial was insufficient to estab *1232 lish that Riley knew “that injury or death would likely or probably result” from his decision to manually bypass the limit switch. Ala.Code 1975, § 25-5-ll(c)(2). Although Riley was aware of the purpose of the limit switch and understood that it was designed to prevent accidents like the one that occurred, he was not aware at the time he manually bypassed the limit switch and ordered the “bump” that Jack R. Bates II intended to place his hand in the pocket feeder to dislodge more of the clog; Riley believed that Bates had finished his task, and, thus, Riley proceeded to the next step in the process, as he had many times before when he had unclogged the pocket feeder. What Riley did may well have been careless and negligent, but to permit it to form the basis of a willful-conduct claim against a co-employee would render “any negligence that pertains to safety or adds to [an employee’s] risk ... actionable,” which result, according to our supreme court, is precluded under § 25-5-11(c)(2). Hallmark v. Duke, 624 So.2d 1058, 1062 (Ala.1993).
THOMPSON, P.J., concurs.